IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HENRY CHOICE,**
        **Plaintiff,**

vs.     Case No. 5:06cv234/RS/MD

**UNKNOWN DEFENDANTS,**
        **Defendants.**

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff commenced this action in November of 2006 by filing a civil rights complaint in the United States District Court for the Middle District of Florida.  Thereafter, the case was transferred to this court.  (Docs. 3, 4).  Because plaintiff had not filed his complaint on the court form, and had also failed to submit the filing fee or a motion to proceed *in forma pauperis*, this court entered an order on December 6, 2006 requiring plaintiff to file an amended complaint and a motion to proceed *in forma pauperis* within thirty days.  (Doc. 7).  Plaintiff did not comply with the order.[1]

Accordingly, on January 18, 2007 the court entered an order requiring plaintiff to show cause, within twenty days, why his case should not be dismissed for failure to comply with an order of the court.  (Doc. 11).  To date, plaintiff has not responded to the order.  No correspondence has been received from plaintiff since December 22, 2006.  (*See* doc. 10).

---

[1] **Plaintiff submitted two proposed orders which the court returned without filing on deficiency orders.  (Docs. 9, 10).  However, he did not file an amended complaint or an *in forma pauperis* application.**

**Accordingly, it respectfully RECOMMENDED:**

1. That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of February, 2007.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).